UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER CANCEL,

         Plaintiff,      08-CV-0436S(Sr)

v.

DYNACRAFT INDUSTRIES, INC., et al.,

         Defendants.

---

## REPORT, RECOMMENDATION AND ORDER

    This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #5. Thereafter, District Judge Skretny referred defendant Target Corporation's motion to dismiss defendants', National Product Services Acquisition Corporation, National Product Services, Inc. and NASCO Services (collectively referred to as "NASCO"), cross-claims to the undersigned to issue a Report and Recommendation. Dkt. #34. Accordingly, before the Court is defendant Target Corporation's motion to dismiss the NASCO defendants' cross-claims.[1] Dkt. #26. For the following reasons, it is recommended that defendant Target Corporation's motion to dismiss the NASCO

---

[1] Also pending is the NASCO defendants' motion for an extension of time to effect service of their Answer with cross-claims *nunc pro tunc*. Dkt. #28. As noted above, by reason of District Judge Skretny's non-dispositive referral order, this Court has the authority to issue a Decision and Order with respect to the NASCO defendants' motion for an extension of time. A Decision and Order will be issued following the final disposition of Target Corporation's motion to dismiss the NASCO defendants' cross-claims.

defendants' cross-claims be denied. Although the NASCO defendants' motion for an extension of time *nunc pro tunc* is not the subject of this Report and Recommendation, because it is inextricably intertwined with the issues presented in Target Corporation's motion to dismiss, it will be discussed below.

The underlying personal injury action was originally commenced in New York State Supreme Court, Erie County on or about January 28, 2008. Dkt. #1-3. The action involves injuries sustained by plaintiff when the pedal and/or crank assembly on a bicycle allegedly manufactured by Dynacraft Industries, Inc. and/or Dynacraft BSC, Inc. (collectively referred to as "Dynacraft"), assembled by the NASCO defendants, and sold by Target Corporation malfunctioned causing plaintiff to lose her balance and fall to the ground. *Id*. In or about April-May 2008, the Dynacraft defendants, the NASCO defendants and defendant Target Corporation (hereinafter "Target') filed answers to the complaint. Dkt. ##, 1-4 (Target); 1-5 (Dynacraft); 1-6 (NASCO). Thereafter, on or about June 13, 2008, with the unanimous consent of all the defendants, defendant Target removed this action based on the diversity of citizenship of all the parties. Dkt. #1.

Following an August 4, 2008 Preliminary Pretrial Conference, this Court issued a Case Management Order providing, *inter alia*, that the initial mediation session shall be held no later than September 19, 2008; all motions to join other parties and amend the pleadings shall be filed no later than September 19, 2008; all discovery shall be completed no later than May 29, 2009; dispositive motions shall be filed no later

2

than July 17, 2009 and the trial is set for November 3, 2009. Dkt. #8. On September 4, 2008, this Court granted the NASCO defendants' motion for an extension of time to complete the initial mediation session and ordered that the initial mediation session be held no later than October 17, 2008. Dkt. ##11-12. On September 19, 2008, defendant Target and the NASCO defendants filed motions to amend/correct their answers. Dkt. ## 14 and 15. Additionally, the NASCO defendants filed a motion for an extension of time to complete discovery on or about December 22, 2008. Dkt. #19. The motion for an extension of time was granted and an amended Case Management Order was issued on December 23, 2008. Dkt. ##19-20. By Decision and Order dated February 13, 2009, this Court granted Target's and the NASCO defendants' motions to amend/correct their answers and directed that the defendants shall file and serve their amended answers no later than February 27, 2009. Dkt. #21. On or about February 25, 2009, defendant Target served and filed its amended answer to the complaint, including cross-claims against defendant Dynacraft and the NASCO defendants. Dkt. #22. On or about March 12, 2009, the NASCO defendants served and filed their amended answer to the complaint and cross-claims. Dkt. #23.

On or about March 20, 2009, defendant Target filed the instant motion pursuant to Rule 41 of the Federal Rules of Civil Procedure to dismiss the cross-claims of the NASCO defendants because of the NASCO defendants' failure to comply with this Court's February 13, 2009 Decision and Order (Dkt. #21). Dkt. #26. Although defendant Target stops just short of seeking sanctions, in addition to citing to Rule 41(b) and (c) which provides that a defendant may move to dismiss any claim against it

based on another party's failure to comply with a Court order, Target cites to Rule 16(f)(1)(c) which authorizes sanctions for a party's failure to obey a pretrial order. *Id*. Immediately thereafter on April 3, 2009, the NASCO defendants filed a cross-motion for an extension of time to effect service of its answer with cross-claims *nunc pro tunc*. Dkt. #28.

In support of the NASCO defendants' cross-motion for an extension of time, Kimberly A. Colaiacovo, an attorney associated with Harris Beach PLLC, counsel for the NASCO defendants, contends that at the time of this Court's February 13, 2009 Decision and Order, she had not yet been "assigned" to receive electronic notification via the CM/ECF system for this matter and as a result, she did not receive a copy of the Decision and Order setting the February 27, 2009 deadline for the filing of amended answers. Dkt. #28-2, ¶ 7. Ms. Colaiacovo further asserts that Teresa Brophy Bair, the Harris Beach PLLC partner assigned the primary responsibility for handling this matter, was out of the office preparing witnesses for trial in Niagara County and "mistakenly believed that I was receiving electronic notification and that I was aware of any deadlines." *Id*. Accordingly, Ms. Colaiacovo, unaware of the February 27, 2009 deadline, served the NASCO defendants' amended answer with cross-claims on Target and Dynacraft on March 12, 2009. *Id*. at ¶ 8.

In opposition to the NASCO defendants' motion for an extension of time, counsel for Target takes exception to the NASCO defendants' primary excuse for failing to comply with this Court's February 13, 2009 Decision and Order, *to wit*, that Ms.

Colaiacovo did not receive the CM/ECF notification of the Decision and Order. Dkt. #32, ¶ 3. In fact, Target's counsel goes one step further stating that such fact is irrelevant because, according to Target, both Ms. Colaiacovo and Ms. Bair omitted from their declarations that although Ms. Colaiacovo may not have received the CM/ECF notification, the notification was sent to a total of five separate e-mail accounts at Harris Beach PLLC: tbair@harrisbeach.com; e-filings@harrisbeach.com; jgill@harrisbeach.com; jwright@harrisbeach.com and rwhite@harrisbeach.com. *Id*. at ¶ 4. At the conclusion of its opposition to the NASCO defendants' motion for an extension of time, Target adds, without elaboration or citation to any legal authority, that its motion to dismiss must be granted because the cross-claims that the NASCO defendants seek to add to their amended answer, for which they have requested the extension of time *nunc pro tunc*, are meritless. *Id*. at ¶ 11. Straining logic, Target next claims that because the proposed cross-claims are without merit, it will be prejudiced if the motion for an extension of time is granted and "[a]llowing it to be filed will only complicate the case until such time as a formal motion to dismiss for failure to state facts that constitute a cause of action can be brought." *Id*. at ¶ 12.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may, for good cause, extend the time when an act may or must be done "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R.Civ. P. 6(b)(1)(B). In determining whether a party's neglect is excusable, a court should consider: "[t]he danger of prejudice to the [opposing party]; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether

it was in the reasonable control of the movant; and whether the movant acted in good faith. Given these factors, 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *ADL, LLC v. Tirakian*, No. CV 2006-5076, 2008 WL 510399 at *1 (E.D.N.Y. Feb. 22, 2008) (internal citations omitted).

Here, Target offers nothing more than its conclusory statement that the NASCO defendants' cross-claims are without merit and that allowing the amended answer to be filed would only "complicate the case." Without more, there is nothing in the record before this Court to suggest that there is indeed a real danger of prejudice if this Court were to grant the NASCO defendants' motion for an extension of time *nunc pro tunc*. With respect to the question of the length of delay and the potential impact on the judicial proceedings, the time between February 27, 2009 (the date the amended answer was due) and March 12, 2009 (the date the NASCO defendants electronically filed their amended answer) is seven business days. Five business days thereafter, on March 20, 2009, Target filed the instant motion to dismiss and nine business days later on April 3, 2009, the NASCO defendants filed their motion for an extension of time. Under the circumstances, the length of the delay between the original due date and the date when the amended answer was actually electronically filed is minimal compared to the extensive delay, over two months, that the instant motion and the corresponding motion for an extension of time has caused, not to mention the unnecessary expenditure of judicial resources in addressing these two motions. Finally, while errors such as the one at issue here should not befall a firm such as Harris Beach PLLC, the

Court is mindful that, on occasion, such an error involving the electronic filing system may occur. Accordingly, upon review of the NASCO defendants' motion papers and the declarations submitted by attorneys Kimberly A. Colaiacovo and Teresa Brophy Bair, this Court is satisfied that counsel have demonstrated that their failure to comply with this Court's order was the result of excusable neglect. It is therefore recommended that Target's motion to dismiss the cross-claims be denied. Upon the final resolution of the instant motion by District Judge Skretny, the undersigned will address the NASCO defendants' motion for an extension of time *nunc pro tunc*.

## **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that defendant Target Corporation's motion (Dkt. #26), to dismiss the cross-claims of the NASCO defendants pursuant to Rules 16(f), (41(b) and 41(c) of the Federal Rules of Civil Procedure be **DENIED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         June 18, 2009

                                        **s/ H. Kenneth Schroeder, Jr,**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**